Amir J. Goldstein, Esq. (CA Bar No. 255620)
Attorney for Plaintiff
8032 West Third Street, Suite 201
Los Angeles, CA 90048
Tel  323.937.0400
Fax 866.288.9194
ajg@consumercounselgroup.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY GIMBLE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIVERSIFIED ADJUSTMENT SERVICE, INC, and DOES 1 through 10 Inclusive,<br><br>Defendant. | CASE NO.:<br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES |

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant DIVERSIFIED ADJUSTMENT SERVICE, INC. alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Playa Vista, California.
3. Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Minneapolis, Minnesota.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331, and venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the Defendant conducts business, the nature of which subjects the corporation to jurisdiction, in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.
6. That a personal debt was allegedly incurred by the Plaintiff from Verizon Wireless.
7. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and/or assigned to the Defendant for collection.
8. That on or about January 15, 2016, Defendant called Plaintiff's father, Gary Gimble, a resident of Maryland, from the telephone number **(202) 499-2374** in an effort to collect a debt.
9. That by using the aforementioned phone number and appearing to be from the Washington D.C. area, Defendant misrepresented their area code, in order to deceive the recipient of the call and create the false impression that the call was from a local caller.
10. That on or about January 19, 2016, after learning about Defendant's call to her father, the Plaintiff called the Defendant to obtain information regarding the nature of the alleged debt and requested that Defendant cease further contact with her father.
11. That upon information and belief, Defendant obtained the Plaintiff's telephone number during the January 19th phone call.

12. That on or about January 20 2016, Defendant caused Plaintiff's cellular phone to receive a call from the number **(202) 370-7074,** falsely representing a Washington D.C. area code, in an attempt to deceive and manipulate Plaintiff into believing that the call was coming from a hometown entity.

13. That on or about January 21, 2016, Defendant called Plaintiff's cellular phone number from **(202) 499-2374** at approximately 6:12 A.M. Pacific Standard Time in an effort to collect the alleged debt.

14. That on or about January 21, 2016, Plaintiff disputed the debt and requested that the Defendant send her documentation to verify their claim.

15. That upon information and belief, no documentation or verification was ever provided to the Plaintiff to date.

16. That subsequent to Defendant's telephonic communications with Plaintiff, Defendant again called Plaintiff's father on or about February 8, 2016, this time from a "private" number so as to further confuse, and conceal the nature of the call.

17. That upon information and belief, the Defendant knew or should have known the Plaintiff's contact information when Defendant made this call and that Defendant called from a "private" number for the purposes of harassing the Plaintiff and her family members.

18. That Defendant causes their phone number to appear on the consumer's telephone identification screen as **(202) 499-2374,** a Washington D.C. area code, the same as Plaintiff's own telephone area code, but from a different number than the first call in an attempt to deceive and manipulate Plaintiff and conceal their identity creating the false impression that the call was coming from a local or hometown caller.

19. That upon information and belief, Defendant regularly employs an automated dialing phone system that generates false area codes and random phone numbers in order to misrepresent their identity on a consumer's "caller identification" and routinely and systematically causes their phone numbers to appear as a local number for the purposes

of deceiving and manipulating the consumer into answering the phone calls in order to collect on their debts.

20. That upon information and belief, Defendant systematically employs a practice of manipulating caller identification numbers and has an established method of strategic communication within their company, aimed at deceiving consumers and concealing the nature of their calls when collecting consumer debts.

21. That Defendant used a Washington D.C. area code in its communications to all persons called with the intent to deceive Plaintiff and her father into believing that the calls were from someone other than a debt collector and when placed on notice that further calls would be unlawful, they continued to place additional calls from a "private" number so as to circumvent liability and further mislead and harass consumers.

22. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of making representations which are false, harassing, confusing, misleading, deceptive and/or unfair.

23. That as a result of Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: extreme embarrassment, humiliation, shame, stress, anxiety, aggravation,

24. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (b), (c), (d), (e) and (f) in that the communications were deceptive, lacked meaningful disclosure of the caller's identity, intended to annoy, harass and embarrass, and are committed to coerce or garner payment of a debt through duress. More specifically:

   a. Defendant has violated 15 U.S.C. §1692b(3) by contacting non-minor Plaintiff's father for purposes other than obtaining or correcting location information;
   b. Defendant has violated 15 U.S.C. §1692b(3) by contacting Plaintiff's father more than once, with no basis for a reasonable belief that location information could be corrected by the contact;
   c. Defendant has violated 15 U.S.C. §1692c(a) by contacting Plaintiff without consent at a time prior to 8 o'clock antemeridian;

    d. Defendant has violated 15 U.S.C. §1692d(6) by failing to meaningfully disclose the caller's identity;

    e. Defendant has violated 15 U.S.C. §1692e(10) by using false representations and/or deceptive means in an attempt to collect the alleged debt; and

    f. Defendant has violated 15 U.S.C. §1692(f) by using unfair or unconscionable practices in the collection of a debt.

25. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

26. Plaintiff realleges paragraphs 1 through 25 as if fully restated herein.

27. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

28. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

    a. By placing telephone calls without disclosure of the caller's identity, Defendant has violated §1788.11(b);

    b. In failing to meaningfully inform consumers its true identity, Defendant has violated §1788.13(a), which prohibits communications with the debtor other than in the name of the debt collector or the person on whose behalf the debt collector is acting and §1788.13(i), which prohibits the false representation of the true nature of the business or services being rendered by the debt collector;

    c. By the above-referenced violations of the FDCPA, Defendant has violated §1788.17.

29. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendant' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

30. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

31. Pursuant to §1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

## CLASS ALLEGATIONS

32. Plaintiff realleges paragraphs 1 through 31 as if fully restated herein.

33. The first cause of action is brought on behalf of Plaintiff and the members of a class.

34. The Class consists of all persons whom Defendant's records reflect resided in the state of California and who were called by Defendant (a) using the automated dialing system,(b) the area codes of which calls were altered to deceive; (c) and which failed to meaningfully disclose the caller's identity violate 15 U.S.C. §§ 1692b, 1692c, 1692d, 1692e, and 1692f.

35. The class consists of consumers who received calls from a false area code.

36. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A)   Based on the facts that Defendant calls consumers with an automated phone dialing system, the class is so numerous that joinder of all members is impracticable.

   (B)   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers who received the phone calls, (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

37. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

38. The effect of the phone calls on consumers, such as those made by the Defendant, is to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692b by contacting Plaintiff's father more than once, and for purposes other than collecting or correcting location information;

    b.   Defendant violated 15 U.S.C. § 1692c by using means of communication that the natural consequence of which is to abuse, harass or annoy;

    c.   Defendant violated 15 U.S.C. § 1692c by using means of communication that the natural consequence of which is to abuse, harass or annoy;

    d.   Defendant violated 15 U.S.C § 1692d by failing to meaningfully disclose their identity to the recipient of calls through caller identification information.

    e.   Defendant has violated 15 U.S.C § 1692e by using false representations and/or deceptive means in an attempt to collect the alleged debt;

    f.   Defendant has violated 15 U.S.C § 1692f by using unfair or unconscionable practices in the collection of a debt.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

    (a)   Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

    (b)   Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

    (c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and CA Civil Code §1788.30, *et seq*.

    (d)   For such other and further relief as may be just and proper.

    (e)   Plaintiff requests trial by jury on all issues so triable.

Dated: May 20, 2016                              /S/ Amir J.Goldstein
                                                  Amir J. Goldstein, Esq.
                                                  **Attorney for Plaintiff**
                                                  8032 West 3rd Street, Suite 201
                                                  Los Angeles, CA 90048
                                                  Tel 323.937.0400
                                                  Fax 866.288.9194